RENDERED:  MARCH 15, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0374-MR

TINA L. BURRIS                                                        APPELLANT


                APPEAL FROM MEADE CIRCUIT COURT
v.            HONORABLE KENNETH H. GOFF, II, JUDGE
                   ACTION NO. 20-CI-00097


LHC GROUP, INC AND
CARETENDERS VS OF LINCOLN
TRAIL, LLC                                               APPELLEES


<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE:  EASTON, KAREM, AND TAYLOR, JUDGES.

KAREM, JUDGE:  Tina Burris appeals from an order of the Meade Circuit Court dismissing her civil action against her former employers, LHC Group, Inc. and Caretenders VS of Lincoln Trail, LLC (collectively "LHC") pursuant to Kentucky Rule of Civil Procedure ("CR") 41.02.  After careful review of the record, briefs, and applicable law, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Burris filed a complaint against LHC on April 3, 2019, alleging wrongful termination and libel/slander by LHC. Burris was previously employed as a registered nurse at LHC and alleged she could not find employment after her termination due to LHC's "groundless reports of deficient job performance."

LHC propounded its first set of interrogatories and request for production of documents on or about July 2, 2020. On August 4, 2020, Burris filed a motion requesting an extension of time to respond to discovery. LHC did not object. On August 27, 2020, the trial court entered an order giving Burris until September 3, 2020, to respond. The record before us indicates Burris did submit her answers on or about September 3, 2020; however, they were largely unresponsive. Burris objected to each interrogatory and provided no substantive responses other than stating she had been unemployed since April 2019. She also failed to produce any documents.

On November 3, 2020, counsel for LHC sent a letter to Burris's attorney detailing the ways it deemed her discovery responses insufficient. Burris did not respond. LHC sent a follow-up letter dated May 28, 2021, that stated if Burris did not provide substantive discovery responses on or before June 14, 2021, LHC would file a motion to dismiss for failure to prosecute. On September 17, 2021, LHC filed a motion to dismiss the action pursuant to CR 41.02. On

September 28, 2021, the trial court entered an order giving Burris thirty (30) days to answer all discovery. However, Burris filed two subsequent motions requesting more time to respond. In each instance, the trial court granted Burris an extension. On September 13, 2022, the trial court again entered an order that gave Burris ninety (90) days to comply with all discovery requirements. Burris then sought another extension, which was granted by the trial court. On November 17, 2022, LHC filed its second motion to dismiss for failure of Burris to prosecute her case. Although Burris finally supplied supplemental responses on November 29, 2022, her answers were still deficient. After a hearing, the trial court entered an order granting LHC's motion and dismissing the action. Burris filed a motion to alter, amend, or vacate, which was denied. This appeal followed. Further facts will be developed as necessary.

## STANDARD OF REVIEW

We review an appeal for dismissal pursuant to CR 41.02 for abuse of discretion. *Jaroszewski v. Flege*, 297 S.W.3d 24, 32 (Ky. 2009). "In Kentucky, the test for abuse of discretion is whether the trial court's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Jackson v. Ghayoumi*, 419 S.W.3d 40, 43 (Ky. App. 2012) (citation omitted).

## ANALYSIS

On appeal, Burris argues the trial court failed to enter specific findings of fact and conclusions of law in its order dismissing her case against LHC. She also asserts the trial court failed to follow precedent in its decision. We disagree.

CR 41.02(1) provides, in relevant part, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him." The Kentucky Supreme Court has clarified that to prosecute a case means "actually working to get the case resolved – not just keeping it on a court's docket or occasionally working on the file without actively attempting to resolve matters in dispute." *Jaroszewski*, 297 S.W.3d at 32. Further, prosecution of a case "involves, not only preparing one's own case, but also reasonably cooperating with the opponent's active attempts to prepare its case, such as responding timely to discovery requests." *Id.*

We turn to Burris's assertion that the trial court failed to make sufficient findings of fact and conclusions of law. Burris argues the trial court did not consider the factors listed in *Ward v. Housman*, 809 S.W.2d 717 (Ky. App. 1991), for dismissal of an action under CR 41.02. To wit,

1) the extent of [Burris's] personal responsibility;

2) the history of dilatoriness;

3) whether the attorney's conduct was willful and in bad faith;

4) meritoriousness of the claim;

5) prejudice to [LHC], and

6) alternative sanctions.

*Id.* at 719. However, we note that the Kentucky Supreme Court has rejected

> a formulaic approach where certain listed factors must always be discussed, and other relevant factors may not be discussed. Since the issue of whether a case must be dismissed for lack of prosecution is inherently fact-specific, demanding that a rigid list of factors must be addressed by the trial court in each case is inconsistent with the traditional "totality of the circumstances" approach.

*Jaroszewski*, 297 S.W.3d at 33.

The record before us demonstrates that the trial court considered the totality of circumstances. The order of dismissal enumerated each of the five extensions of time requested by Burris to answer discovery and each order granting her motions. It further found that Burris failed to prosecute her case with any diligence. Review of the record before us indicates the reasons given by counsel when requesting extensions were because he was "very busy dealing with numerous other cases" or he was involved in "litigation of numerous other matters," and other similar reasons. When Burris did reply to discovery, her answers were largely unresponsive. For example, Burris was asked to identify

-5-

"each and every document you have in your possession . . . that supports or negates in any fashion any of the allegations in your Complaint or any of the defenses in [LHC's] Answer." Burris responded that it was "not possible to determine . . . what the meaning of the word 'identify' is in this Interrogatory as propounded."[1] She provided the same response to other interrogatories that used the word "identify." All other answers were similarly unresponsive. Further, the only document produced by Burris in over two years was a printout from CourtNet that indicated other litigation in which Burris was a party. For all other documentation requested by LHC, Burris continually responded that it was "available for inspection and copying at the offices of the Plaintiff's undersigned Counsel, by appointment, during regular business hours Monday through Friday[.]" Burris refused to send documents electronically or by mail. However, counsel for LHC argued that requests to retrieve documents from Burris were never acknowledged. Finally, the record before us indicates Burris never scheduled depositions, propounded discovery requests on LHC, or otherwise actively prosecuted her case.

Burris also implies that the order dismissing was improper because LHC never filed a motion to compel discovery under CR 37.01. However, Burris

---

[1] "Identify" means, in relevant part, "1. To prove the identity of (a person or thing) <the witness identified the weapon>. 2. To look on as being associated (with) <the plaintiff was identified with the environmental movement>." BLACK'S LAW DICTIONARY 894 (11th ed. 2019).

cites no law that requires a party to file a motion under CR 37.01 before seeking dismissal under CR 41.02. In essence, Burris contends the trial court failed to consider alternative sanctions and make findings to that end. *Ward*, 809 S.W.2d at 719. We are unpersuaded. The trial court held a status conference upon motion of LHC, not Burris. Afterward, the trial court entered two separate orders, both dated September 13, 2022. The first was a "Civil Pre-Trial Order" that set a jury trial for July 12-14, 2023, and set various deadlines. The second order explicitly gave Burris ninety (90) days to respond to all discovery requests. This was followed by Burris's fourth motion for an extension of time, which was also granted. Again, in its order dismissing the action, the trial court specifically laid out a timeline related to motions for extensions of time by Burris, its orders granting said motions, and Burris's repeated failure to provide substantive responses to discovery.

"[T]he propriety of an order dismissing a case under CR 41.02(1) for lack of prosecution depends upon whether the trial court abused its discretion under all relevant facts and circumstances, not on whether the trial court recited the six factors listed in *Ward*." *Jaroszewski*, 297 S.W.3d at 37. In the case at bar, it is not just that Burris's discovery responses were repeatedly insufficient, but she also simply failed to prosecute her case *at all*. As a result, LHC was unable to prepare a defense. Burris has never offered an explanation for her repeated failure to respond to discovery and/or her repeatedly deficient responses, instead arguing she

should be permitted more time at every turn. Her complaint against LHC was filed on April 3, 2020; the trial court did not dismiss the action until January 27, 2023, after repeatedly giving her extensions of time. Burris was provided ample opportunity to prosecute her case and failed to do so. The trial court did not abuse its discretion in dismissing the action.

## **CONCLUSION**

For the foregoing reasons, the order of the Meade Circuit Court is affirmed.

ALL CONCUR.


BRIEF FOR APPELLANT:

Harry B. O'Donnell IV
Louisville, Kentucky

BRIEF FOR APPELLEES:

Ryan M. Martin
Trevor M. Nichols
Cincinnati, Ohio